UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEON GREATHOUSE JR.,

                Plaintiff,

       - against -

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                Defendants.
------------------------------------------------------------X

23 Civ. 06192 (PGG) (GS)

**ORDER ON APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND FOR THE COURT TO REQUEST PRO BONO COUNSEL**

**GARY STEIN, United States Magistrate Judge:**

       Plaintiff Leon Greathouse, Jr., proceeding *pro se*, brings this civil rights action against defendants New York State Department of Corrections and Community Supervision, the Manhattan District Attorney's Office, and former New York City police detective Freddy Vasquez. On August 3, 2023, the Honorable Paul G. Gardephe referred this case for general pretrial supervision to Magistrate Judge Gabriel W. Gorenstein, who was then the designated Magistrate Judge. On September 19, 2023, the referral was reassigned to the undersigned as the newly designated Magistrate Judge for this case.

       Pending before the Court are two applications by Plaintiff filed on the docket on September 11, 2023: an Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. No. 14) and an Application for the Court to Request Pro Bono Counsel (Dkt. No. 15). For the reasons set forth below, Plaintiff's application to proceed IFP is DENIED as

1

moot, and Plaintiff's application for *pro bono* counsel is DENIED without prejudice to renewal.

**Application to Proceed *In Forma Pauperis***

This is the second application to proceed IFP that Plaintiff has filed. On July 18, 2023, together with the filing of his Complaint, Plaintiff submitted his first application to proceed IFP. (Dkt. No. 2). In that application, Plaintiff stated that, although he is unemployed, he had received a settlement payment of $355,000 from the Comptroller of New York State within the past 12 months. (*Id.*). On July 21, 2023, Chief Judge Swain issued an Order directing Plaintiff either to pay the required $402.00 in filing and administrative fees or to amend his IFP application to address why he is unable to pay the fees despite having received a settlement payment of $355,000. (Dkt. No. 3). The docket reflects that, on the same day, Plaintiff paid the $402.00 in fees via credit card. (*See* Docket Entry, dated July 21, 2023).

Although Plaintiff filed another application to proceed IFP on September 11 (Dkt. No. 14), it appears that he did so only because of the instructions on the form Application for the Court to Request Pro Bono Counsel that he submitted on that same date. The form asks the applicant if he or she has previously filed an IFP application and to answer by checking one of three boxes. Plaintiff checked the third box, which states: "I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status." (*Id.*). Thus, it appears that Plaintiff's new IFP

2

application was simply intended to be an attachment to his application for appointment of counsel, rather than a stand-alone request to proceed IFP.

For the avoidance of doubt, to the extent that Plaintiff is seeking to renew his application to proceed IFP, his payment of the filing and administrative fees on July 21 renders his application moot. *See Hatches v. Cipollini*, No. 17-cv-06053 (PMH), 2020 WL 8620027, at *1, 3 (S.D.N.Y. Sep. 22, 2020) ("According to the docket sheet, the filing fees in this action have already been paid. Therefore, Plaintiff's application to proceed IFP is denied as moot."); *accord Pierre v. Lieberman*, No. 16-cv-5473 (GBD) (HBP), 2017 WL 2574028, at *2 (S.D.N.Y. June 14, 2017). Accordingly, construing Docket No. 14 as an application to proceed IFP, the application is DENIED as moot.

## Application for the Court to Request Pro Bono Counsel

Unlike criminal defendants, litigants who are unable to pay for counsel do not have a constitutional right to counsel in civil cases. *Davila v. Doar*, No. 07-cv-5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008). Under the IFP statute, *see* 28 U.S.C. § 1915(e)(1), a court has no authority to appoint counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Genao v. City of New York*, No. 20-cv-6507 (PGG) (SLC), 2022 WL 1115563, at *2 (S.D.N.Y. Apr. 14, 2022). It is well established in this Circuit that courts should request the services of *pro bono* counsel "sparingly" to "preserve the 'precious commodity' of volunteer-lawyer time for those litigants whose causes are truly

deserving." *Id.* (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).

To justify a request for *pro bono* counsel under 28 U.S.C. § 1915(e)(1), the litigant must first demonstrate that he or she is unable to afford counsel by, for example, successfully applying for leave to proceed IFP. *Travis v. Bank of America, N.A.*, 22-cv-2025151 (JPO), 2023 WL 2025151, at *1 (S.D.N.Y. Jan. 19, 2023); *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (the district court "must first ascertain whether the litigant is able to afford or otherwise obtain counsel").

Here, as noted above, Plaintiff's initial application for leave to proceed IFP, submitted on July 18, was unsuccessful. His September 11 application requesting *pro bono* counsel indicates that "[his] financial status has changed" since his initial IFP application. (Dkt. No. 15). In his new IFP application, Plaintiff states that he has not been employed since April 2022, that he has not received more than $200 from any source in the past 12 months, that he has no money in cash or in a bank account, and that he owns no other property. (Dkt. No. 14). However, the new application omits any reference to the $335,000 settlement payment disclosed in Plaintiff's initial IFP application. Plaintiff provides no explanation for this omission. He does not affirmatively state that the settlement funds no longer remain in his possession or explain what happened to those funds. On this record, the Court is not prepared to conclude that Plaintiff is "unable to afford counsel," as required by 28 U.S.C. § 1915(e)(1).

The Court need not resolve the question of indigency at this time, however. Even assuming for the sake of argument that Plaintiff is unable to afford counsel, a request for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1) is unwarranted at this stage of the litigation.

In considering such a request, the court must "first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This is a "threshold requirement." *Id.*; *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit."); *Cooper*, 877 F.2d at 173 (stressing the importance of *Hodge*'s requirement that an indigent litigant seeking a free lawyer "first pass the test of likely merit"). Only if the claim meets this threshold requirement does the court then consider other factors such as "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodges*, 802 F.2d at 61-62.[1]

---

[1] The court should also consider "the indigent's efforts to obtain counsel." *Id.* at 61. Here, Plaintiff's application establishes that he has reached out to several legal aid organizations and practitioners yet has been unable to obtain *pro bono* counsel. (Dkt. 15).

Courts in this District routinely hold that the merits threshold requirement is not met at the outset of a case before the record has been developed beyond the filing of the plaintiff's complaint. *See, e.g., Reed v. Pfizer, Inc.*, No. 22-cv-8578 (VSB), 2022 U.S. Dist. LEXIS 199976, at *1 (S.D.N.Y. Nov. 2, 2022) (holding that "it is too early in the proceedings" to appoint *pro bono* counsel where defendant had not yet responded to plaintiff's complaint); *Milhouse v. City of N.Y.*, 22-cv-2934 (JPC) (BCM), 2023 U.S. Dist. LEXIS 403, at *2 (S.D.N.Y. Jan. 3, 2023) (denying application submitted before plaintiff's complaint had "even been served, let alone tested on the merits," and finding that "[a] more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel"); *Genao*, 2022 WL 1115563, at *4 ("This action is still in its early stages, and it is difficult to determine from the allegations in the [Amended] Complaint alone whether [Mr. Genao] has some chance of success.") (citation omitted); *see also Quadir v. New York State DOL*, 39 F. Supp. 3d 534, 543 (S.D.N.Y. 2014) (denying request for appointment of counsel because "it is too early to adequately weigh the merits" of the case at the motion to dismiss stage, even while holding that certain of plaintiff's claims survived the motion to dismiss).

Plaintiff's application here must be denied for the same reason. None of the Defendants has yet responded to Plaintiff's Complaint.[2] The Complaint thus has not been tested on the merits. Moreover, having reviewed the Complaint (Dkt. No.

---

[2] Indeed, the court is in receipt of letters challenging the sufficiency of Plaintiff's service of process on two of the three named Defendants. (*See* Dkt. Nos. 10, 16).

1), the Court cannot conclude based on the allegations therein that Plaintiff's chances of succeeding on the merits justify the appointment of *pro bono* counsel. Accordingly, it is hereby ORDERED that Plaintiff's application for the Court to request *pro bono* counsel is DENIED without prejudice to renewal at a time when a more fully developed record exists such that a sufficiently meritorious claim may be demonstrated.

**SO ORDERED.**

DATED:   New York, New York
         September 27, 2023

*/s/ Gary Stein*
GARY STEIN
United States Magistrate Judge