UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON GREATHOUSE, JR.,

                Plaintiff,

        v.

NYS DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                Defendants.

23 Civ. 6192 (DEH)

ORDER

---

DALE E. HO, United States District Judge:

    Plaintiff, proceeding pro se, filed this action on July 18, 2023. ECF No. 1. His last filing in this case occurred on September 11, 2023, when he applied to proceed in forma pauperis and for appointment of pro bono counsel. ECF Nos. 14, 15. Magistrate Judge Stein denied those applications on September 27, 2023. ECF No 18.

    In separate letters filed on August 14, 2023 and September 25, 2023, the New York State Office of the Attorney General and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel"), on behalf of Defendant New York State Department of Corrections and Community Supervision and Defendant Freddy Vasquez, respectively, asserted that Plaintiff's attempts to serve process on their clients were deficient. ECF Nos. 10, 16. In a letter filed on November 1, 2023, Corporation Counsel stated that the New York Police Department had agreed to accept service of process on behalf of Defendant Vasquez, ECF No. 20. To date, Plaintiff has neither disputed these alleged deficiencies in service nor, so far as the docket reflects, attempted to cure these deficiencies.

    In view of the inactivity on the docket, Magistrate Judge Stein ordered a status conference to occur on March 28, 2024, and warned Plaintiff that a failure to appear at the

conference could result in dismissal of this action for failure to prosecute. ECF No. 21. Plaintiff did not appear at the March 28, 2024 conference, despite being on notice of Magistrate Judge Stein's order and the other filings described above. *See* Minute Entry dated March 28, 2024; ECF No. 4 (Plaintiff's consent to receive electronic service of documents in this case).

On March 29, 2024, the Court ordered that the Plaintiff show cause by April 29, 2024 "as to why the above-captioned action should not be dismissed for failure to prosecute." ECF No. 22. Plaintiff was directed to file a letter stating his intention to continue to prosecute this action, but Plaintiff did not file a letter by April 29, 2024. On May 2, 2024, the Court directed Plaintiff to file a letter "as soon as possible and no later than May 10, 2024." ECF No 23. Plaintiff was warned that "[f]ailure to submit a timely letter w[ould] result in dismissal without prejudice." *Id.* Despite these repeated warnings, Plaintiff has not filed a letter to date.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Further, the Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).

Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was on notice after failing to appear at the March 28, 2024, conference, *see* ECF No. 21, that failure to appear at the conference could result in dismissal of this action for failure to prosecute. In two subsequent orders, the Court directed Plaintiff to show cause by "writing a letter to the Court stating his intention to continue to prosecute this action." ECF Nos. 22, 23. Plaintiff was also warned repeatedly that "[f]ailure to submit a timely letter w[ould] result in dismissal without prejudice." ECF No. 23.

In light of Plaintiff's unwillingness to comply with the Court's orders, dismissal of the case is warranted. Given Plaintiff's *pro se* status, however, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby **ORDERED** that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is respectively directed to close the case.

SO ORDERED.

Dated: May 29, 2024
      New York, New York

                                          DALE E. HO
                              United States District Judge